1  LESTER J. MARSTON
   California State Bar No. 081030
2  RAPPORT AND MARSTON
   405 West Perkins Street
3  Ukiah, CA 95482
   Telephone: 707-462-6846
4  Facsimile: 707-462-4235

5
   Attorneys for Plaintiffs
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12 RESIGHINI RANCHERIA, FRANK DOWD,  )   Case No. CV 11 6710 EMC
   and GARY DOWD,                    )
13                                   )
         Plaintiffs,                 )
14                                   )   JOINT CASE MANAGEMENT
       vs.                           )   STATEMENT ; ORDER RESETTING CMC
15                                   )
   DEAN WILSON, individually and in his )  DATE: September 14, 2012
16 official capacity as Del Norte County Sheriff, )  TIME: 9:00 a.m.
                                      )   CTRM.: 5, 17th Floor
17       Defendant.                   )
   _____   )

18

19       Pursuant to Fed. R. Civ. P. 26(f), Civ. L. R 16-9, and this Court's standing order, the

20 parties, having met and conferred, file the following case management statement:

21       Plaintiffs' filed their First Amended Complaint ("Amended Complaint") in this matter on

22 July 2, 2012, following the dismissal without prejudice of plaintiffs' claims against defendant

23 Charleton H. Bonham individually and in his official capacity as the Director of the California

24 Department of Fish & Game, pursuant to the Court's May 31, 2012, Order Granting Defendants'

25 Motion to Dismiss. In the Amended Complaint, the plaintiffs named as defendant Dean Wilson

26 individually and in his official capacity as the Del Norte County Sheriff. The Amended Complaint

27 was served on defendant Wilson on July 27, 2012. Defendant Wilson has not filed an answer or

28 other responsive pleading in this case. On August 15, 2012, legal counsel for the plaintiffs were

informed by the office of the County Counsel for Del Norte County that the County Counsel had received authorization to represent defendant Wilson in this matter on August 14, 2012. County Counsel's office, therefore, requested that it be granted an extension of time to file an answer by undersigned counsel. Plaintiffs have agreed to stipulate to an extension of time.

1. **Jurisdiction and Service:** The Court has jurisdiction over Plaintiffs' claims based upon 28 U.S.C. § 1331, in that the Plaintiffs' claims arise under the Constitution and laws of the United States; and (b) 28 U.S.C. § 1362, in that this civil action is brought by a federally recognized Indian tribe whose claims arise under the Constitution and the laws of the United States. There are no issues with regard to venue and, no defendants remain to be served, pending the filing of a second amended complaint.

2. **Facts:** Plaintiffs Gary Dowd and Frank Dowd ("Individual Plaintiffs"), members of the plaintiff Resighini Rancheria ("Tribe"), were cited for California Fish and Game Code violations, specifically, fishing on the Klamath River without a Yurok Tribal ID. Plaintiffs allege both citations were issued by law enforcement officers deputized by the Sheriff to exercise state peace officer powers and to enforce California law. In each instance, the Individual Plaintiffs were fishing within the boundaries of the old Klamath River Reservation/Extension. The Del Norte County District Attorney later dismissed all charges against both Individual Plaintiffs. Plaintiffs maintain that the Individual Plaintiffs were fishing pursuant to the federally reserved fishing rights of the Resighini Rancheria, and the arrests constitute an interference with those rights. Plaintiffs contend that the law enforcement officers carrying out the arrests were exercising peace officer powers pursuant to deputation by defendant Wilson. Plaintiffs bring this action to prevent Wilson and anyone acting pursuant to his authority from arresting Resighini Tribal members for exercising their federally reserved fishing rights.

3. **Legal Issues:** The main legal issues in this case are as follows. (1) Whether the Sheriff and the Department of Fish and Game have jurisdiction to enforce the civil regulatory provisions of the State's Fish and Game Code against the members of the Tribe in the Indian Country of the old Klamath River Indian Reservation/Extension pursuant to 28 U.S.C. § 1360, and 18 U.S.C. § 1162 ("P.L. 280"). (2) Whether the Sheriff and the Department have civil regulatory

1  authority over the Tribe's regulation of fishing by its members within the Indian Country of the old
2  Klamath River Indian Reservation/Extension under P.L. 280. (3) Whether the Sheriff and the
3  Department have deprived the Individual Plaintiffs and the members of the Tribe of their federally
4  reserved right to fish in the Klamath River at the Tribe's usual and customary fishing places within
5  the old Klamath River Reservation/ Extension, free of State regulation and control, in violation of
6  42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution.

7      4. **Motions:** No motions are pending. Plaintiffs intend to file a motion for summary
8  judgment within 2 weeks of the filing of the Second Amended Complaint.

9      5. **Amendment of Pleadings:** Plaintiffs intend to file a second amended complaint to
10  add officials of the California Department of Fish & Game as defendants and to add allegations
11  about the relationship between the actions of defendant and the actions of California Department
12  of Fish & Game officials.

13      6. **Evidence Preservation:** Neither party has any concerns about evidence
14  preservation, as the issues in this case are legal issues based on facts that are not in dispute.

15      7. **Disclosures:** No Rule 26 disclosures have been made in response to the Amended
16  Complaint. The parties have not had an opportunity to make those disclosures, because the
17  Amended Complaint was served on defendant Wilson on July 27, 2012, his legal counsel did not
18  receive authorization to represent him until August 14, 2012, and, therefore, his legal counsel has
19  not yet had a chance to address the Rule 26 disclosures with plaintiffs' counsel.

20      8. **Discovery:** No discovery has be carried out in this case. The parties have not yet
21  had an opportunity to discuss a discovery plan pursuant to Rule 26(f).

22      9. **Class Action:** This is not a class action.

23      10. **Related Cases:** There are no related cases.

24      11. **Relief:** Plaintiff seeks the following relief. (1) A declaration that defendant Wilson
25  and the peace officers deputized by the Del Norte County Sheriff's Department ("Department") and
26  exercising the State of California peace officer powers delegated to them by defendant Wilson have
27  no jurisdiction to enforce the provisions of the California Fish and Game Code against members
28  of the Tribe within the boundaries of the old Klamath River Reservation/Extension. (2) A

1 declaration that, under P.L. 280, defendant Wilson and officers deputized by the Department,
2 exercising the State of California peace officer powers delegated to them by defendant Wilson, lack
3 civil regulatory authority over the Tribe's regulation of fishing by its members on the Klamath
4 River within the old Klamath River Reservation/Extension. (3) A declaration that defendant
5 Wilson and the Department, under color of State law (the provisions of the California Fish and
6 Game Code) have deprived plaintiffs Frank Dowd and Gary Dowd and the members of the Tribe
7 of the right to fish in the Klamath River within the old Klamath River Reservation/Extension free
8 of state regulation and control, a right guaranteed to them by federal law, in violation of 42 U.S.C.
9 § 1983. (4) An order preliminarily and permanently enjoining defendant Wilson, his agents and
10 employees, and law enforcement officers exercising State of California peace officer powers
11 delegated to them by defendant Wilson from citing members of the Tribe for fishing on the
12 Klamath River within the old Klamath River Reservation/Extension not in accordance with State
13 law. (5) Award the plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. §
14 1988.

15  12.  **Settlement and ADR:** The parties have not had an opportunity to discuss the
16 prospects for Settlement and ADR.

17  13.  **Consent to Magistrate Judge for All Purposes:** This matter has already been
18 assigned to Judge Chen.

19  14.  **Other References:** The parties have not had an opportunity to discuss the suitability
20 of the case for reference to binding arbitration, a special master, or the Judicial Panel on
21 Multidistrict Litigation.

22  15.  **Narrowing of Issues:** The parties have not had an opportunity to discuss the
23 likelihood of narrowing the issues in this case, but the plaintiffs contend that the issues in this case
24 are limited, legal issues, and that the facts are undisputed.

25  16.  **Expedited Trial Procedure:** Plaintiffs contend that, because, the issues in this case
26 are limited, legal issues, summary proceedings will be appropriate in this case.

27  17.  **Scheduling:** The parties have not had an opportunity to discuss scheduling.

28  18.  **Trial:** The parties have not had an opportunity to discuss the issues relating to trial,

but plaintiffs expect the case to be determined based on a motion or cross motions for summary judgment.

19. **Disclosure of Non-party Interested Entities or Persons:** The parties have not had an opportunity to submit disclosures of non-party interested entities or persons.

20. **Other Matters:** The parties request that the Status Conference in this matter, presently scheduled for September 14, 2012, to be rescheduled to 30 days after defendant Wilson and any other named defendants have had an opportunity to file an answer or other responsive pleading to the plaintiffs' Second Amended Complaint.

Dated: September 11, 2012                                     Respectfully Submitted,

                                                              RAPPORT AND MARSTON


                                                              By: s/ Lester J. Marston
                                                                  LESTER J. MARSTON
                                                                  Attorneys for Plaintiffs



                                                              DEL NORTE COUNTY COUNSEL


                                                              By: s/ Gretchen Stuhr
                                                                  GRETCHEN STUHR
                                                                  Attorney for Defendant

IT IS SO ORDERED the the case management conference is reset from 9/14/12 to 11/2/12 at 9:00 a.m. A joint CMC Statement shall be filed by 10/26/12.

_____
Edward M. Chen
U.S. District Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

**CERTIFICATE OF SERVICE**

I, LESTER J. MARSTON, hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronically filing the foregoing with the Clerk of the U.S. District for the Northern District of California, using its ECF system, which automatically provides electronic notification to the following:

Cecilia Louise Dennis
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 95814
(415) 703-5395

Matthew G. Bullock
State of California of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 95814
(415) 703-1678

Attorney for Defendant Charles H. Bonham

Gretchen Maria Stuhr
Del Norte County Counsel
981 H Street, Suite 220
Crescent City, CA 95531
(707) 464-7208

Attorney for Dean Wilson

/s/ Lester J. Marston
LESTER J. MARSTON, Attorney
for Plaintiffs