LESTER J. MARSTON
California State Bar No. 081030
RAPPORT AND MARSTON
405 West Perkins Street
Ukiah, CA 95482
Telephone: 707-462-6846
Facsimile:  707-462-4235

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RESIGHINI RANCHERIA, FRANK DOWD, and GARY DOWD,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>DEAN WILSON, individually and in his official capacity as Del Norte County Sheriff,<br><br>　　　　Defendant. | Case No. CV 11 6710 EMC<br><br>JOINT CASE MANAGEMENT STATEMENT   ; ORDER RESETTING CMC TO 5/30/13 AT 9:00 A.M.<br>DATE:　March 7, 2013<br>TIME:　9:00 a.m.<br>CTRM.:　5, 17th Floor |

　　　　Pursuant to Fed. R. Civ. P. 26(f), Civ. L. R 16-9, and this Court's standing order, the parties, having met and conferred, file the following case management statement:

　　　　Plaintiffs filed their First Amended Complaint ("Amended Complaint") in this matter on July 2, 2012, following the dismissal without prejudice of plaintiffs' claims against defendant, Charleton H. Bonham, individually and in his official capacity as the Director of the California Department of Fish & Game, pursuant to the Court's May 31, 2012, Order Granting Defendants' Motion to Dismiss.  In the Amended Complaint, the plaintiffs named as defendant Dean Wilson individually and in his official capacity as the Del Norte County Sheriff.  The Amended Complaint was served on defendant Wilson on July 27, 2012.  Defendant Wilson has not filed an answer or other responsive pleading in this case.  On August 15, 2012, legal counsel for the plaintiffs were

informed by the office of the County Counsel for Del Norte County that the County Counsel had received authorization to represent defendant Wilson in this matter on August 14, 2012. County Counsel's office, therefore, requested an extension of time to file an answer. Plaintiffs stipulated to an extension of time and the Court entered an order granting the extension. The defendant then filed a motion to dismiss on September 19, 2012. Following the filing of the motion to dismiss the parties entered into substantive settlement negotiations that resulted in the parties filing a stipulation with the Court on October 10, 2012, staying proceedings in the case for 60 days to allow the parties to continue to pursue settlement of the case. On December 28, 2012, in advance of a case management conference scheduled for January 3, 2013, parties filed a joint case management statement requesting the Court to reschedule the case management conference to allow parties an additional 60 days for continued settlement negotiation. Since the Court ordered that the case management conference be reset to March 7, 2013 at 9:00 a.m., counsel for both parties have submitted for client approval a settlement in the form of a written stipulation for entry of judgment. Defendant has requested modifications to the proposed stipulation for entry of judgment. Counsel for parties are now in the process of redrafting the stipulation incorporate the requested changes. Parties anticipate that they will need an additional 60 days to review and approve of the final content and form of the stipulation and request that the Court set a new date for the case management conference 60 days from today's date.

1. **Jurisdiction and Service:** The Court has jurisdiction over Plaintiffs' claims based upon 28 U.S.C. § 1331, in that the Plaintiffs' claims arise under the Constitution and laws of the United States; and (b) 28 U.S.C. § 1362, in that this civil action is brought by a federally recognized Indian tribe whose claims arise under the Constitution and the laws of the United States. There are no issues with regard to venue and, no defendants remain to be served, pending the filing of a second amended complaint.

2. **Facts:** Plaintiffs Gary Dowd and Frank Dowd ("Individual Plaintiffs"), members of the plaintiff Resighini Rancheria ("Tribe"), were cited for California Fish and Game Code violations, specifically, fishing on the Klamath River without a Yurok Tribal ID. Plaintiffs allege both citations were issued by law enforcement officers deputized by the Sheriff to exercise state

peace officer powers and to enforce California law. In each instance, the Individual Plaintiffs were fishing within the boundaries of the old Klamath River Reservation/Extension. The Del Norte County District Attorney later dismissed all charges against both Individual Plaintiffs. Plaintiffs maintain that the Individual Plaintiffs were fishing pursuant to the federally reserved fishing rights of the Resighini Rancheria, and the arrests constitute an interference with those rights. Plaintiffs contend that the law enforcement officers carrying out the arrests were exercising peace officer powers pursuant to deputation by defendant Wilson. Plaintiffs bring this action to prevent Wilson and anyone acting pursuant to his authority from arresting Resighini Tribal members for exercising their federally reserved fishing rights.

3. **Legal Issues:** The main legal issues in this case are as follows. (1) Whether the Sheriff and the Department of Fish and Game have jurisdiction to enforce the civil regulatory provisions of the State's Fish and Game Code against the members of the Tribe in the Indian Country of the old Klamath River Indian Reservation/Extension pursuant to 28 U.S.C. § 1360, and 18 U.S.C. § 1162 ("P.L. 280"); (2) Whether the Sheriff and the Department have civil regulatory authority over the Tribe's regulation of fishing by its members within the Indian Country of the old Klamath River Indian Reservation/Extension under P.L. 280; and (3) Whether the Sheriff and the Department have deprived the Individual Plaintiffs and the members of the Tribe of their federally reserved right to fish in the Klamath River at the Tribe's usual and customary fishing places within the old Klamath River Reservation/ Extension, free of State regulation and control, in violation of 42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution.

4. **Motions:** Defendant has filed a motion to dismiss. The hearing date for the motion has been vacated pursuant to the order of this Court to allow the parties to pursue settlement. No other motions are pending.

5. **Amendment of Pleadings:** Plaintiffs intend to file a second amended complaint to add officials of the California Department of Fish & Game as defendants and to add allegations about the relationship between the actions of defendant and the actions of California Department of Fish & Game officials.

6. **Evidence Preservation:** Neither party has any concerns about evidence

preservation, as the issues in this case are legal issues based on facts that are not in dispute.

7. **Disclosures:** No Rule 26 disclosures have been made in response to the Amended Complaint because the parties are pursuing settlement of the case.

8. **Discovery:** No discovery has been carried out in this case. The parties have not yet engaged in discovery or developed a discovery plan pursuant to Rule 26(f) because the parties have been putting all of their efforts into settling the case.

9. **Class Action:** This is not a class action.

10. **Related Cases:** There are no related cases.

11. **Relief:** Plaintiff seeks the following relief. (1) A declaration that defendant Wilson and the peace officers deputized by the Del Norte County Sheriff's Department ("Department") and exercising the State of California peace officer powers delegated to them by defendant Wilson have no jurisdiction to enforce the provisions of the California Fish and Game Code against members of the Tribe within the boundaries of the old Klamath River Reservation/Extension; (2) A declaration that, under P.L. 280, defendant Wilson and officers deputized by the Department, exercising the State of California peace officer powers delegated to them by defendant Wilson, lack civil regulatory authority over the Tribe's regulation of fishing by its members on the Klamath River within the old Klamath River Reservation/Extension; (3) A declaration that defendant Wilson and the Department, under color of State law (the provisions of the California Fish and Game Code) have deprived plaintiffs Frank Dowd and Gary Dowd and the members of the Tribe of the right to fish in the Klamath River within the old Klamath River Reservation/Extension free of state regulation and control, a right guaranteed to them by federal law, in violation of 42 U.S.C. § 1983; (4) An order preliminarily and permanently enjoining defendant Wilson, his agents and employees, and law enforcement officers exercising State of California peace officer powers delegated to them by defendant Wilson from citing members of the Tribe for fishing on the Klamath River within the old Klamath River Reservation/Extension not in accordance with State law; and (5) Award the plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

12. **Settlement and ADR:** The parties have not discuss utilizing the ADR process

because the attorneys for the parties have reached agreement on a tentative settlement of the case.

13. **Consent to Magistrate Judge for All Purposes:** This matter has already been assigned to Judge Chen.

14. **Other References:** The parties have not discussed the suitability of the case for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation because the parties have been pursuing settlement of the case.

15. **Narrowing of Issues:** The parties have not discussed the likelihood of narrowing the issues in this case because they have been pursing settlement of the case. However, the parties agree that the issues in this case are limited, legal issues, and that all but one fact about the deputation of an officer is undisputed.

16. **Expedited Trial Procedure:** The parties agree that, because, the issues in this case are limited, legal issues, summary proceedings will be appropriate in this case.

17. **Scheduling:** The parties have not discussed scheduling because they are pursuing settlement, except to determine how much additional time they need to concluded settlement negotiations.

18. **Trial:** The parties have not discussed the issues relating to trial because they are pursuing settlement of the case, but the parties expect the case to be determined based on a motion to dismiss or cross motions for summary judgment.

19. **Disclosure of Non-party Interested Entities or Persons:** The parties have not discussed submission of disclosures of non-party interested entities or persons because they are pursuing settlement of the case.

20. **Other Matters:** The parties request that the Case Management Conference in this matter, presently scheduled for March 7, 2013, be rescheduled to 60 days from the date of the filing of this joint case management statement to allow the parties the opportunity to conclude settlement negotiations.

| | |
|---|---|
| Dated: February 28, 2013 | Respectfully Submitted, |
| | RAPPORT AND MARSTON |
| | By: /s/ Lester J. Marston |
| |     LESTER J. MARSTON |
| |     Attorneys for Plaintiffs |
| Dated: February 28, 2013 | DEL NORTE COUNTY COUNSEL |
| | By: /s/ Gretchen Stuhr |
| |     GRETCHEN STUHR |
| |     Attorney for Defendant |

IT IS SO ORDERED THAT the CMC is reset from 3/7/13 to 5/30/13 at 9:00 a.m.  A joint cmc statement shall be filed by 5/23/13.

_____
Edward M. Chen
U.S. District Judge

**CERTIFICATE OF SERVICE**

I, LESTER J. MARSTON, hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronically filing the foregoing with the Clerk of the U.S. District for the Northern District of California, using its ECF system, which automatically provides electronic notification to the following:

Cecilia Louise Dennis
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 95814
(415) 703-5395

Matthew G. Bullock
State of California of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 95814
(415) 703-1678

Attorney for Defendant Charles H. Bonham

Gretchen Maria Stuhr
Del Norte County Counsel
981 H Street, Suite 220
Crescent City, CA 95531
(707) 464-7208

Attorney for Dean Wilson

*/s/ Lester J. Marston*
LESTER J. MARSTON, Attorney
for Plaintiffs