1   LESTER J. MARSTON
    California State Bar No. 081030
2   RAPPORT AND MARSTON
    405 West Perkins Street
3   Ukiah, CA 95482
    Telephone: 707-462-6846
4   Facsimile:  707-462-4235

5

6   Attorneys for Plaintiffs

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  RESIGHINI RANCHERIA, FRANK DOWD,   )   Case No. CV 11 6710 EMC
    and GARY DOWD,                     )
13                                     )
                 Plaintiffs,           )
14                                     )   JOINT CASE MANAGEMENT
            vs.                        )   STATEMENT ; ORDER RESETTING CMC
15                                     )
    DEAN WILSON, individually and in his )  DATE:   September 5, 2013
16  official capacity as Del Norte County Sheriff, )  TIME:   9:00 a.m.
                                       )   CTRM.: 5, 17th Floor
17               Defendant.            )
    _____ )
18

19          Pursuant to Fed. R. Civ. P. 26(f), Civ. L. R 16-9, and this Court's standing order, the

20  parties, having met and conferred, file the following case management statement:

21          Plaintiffs filed their First Amended Complaint ("Amended Complaint") in this matter on

22  July 2, 2012, following the dismissal without prejudice of plaintiffs' claims against defendant,

23  Charleton H. Bonham, individually and in his official capacity as the Director of the California

24  Department of Fish & Game, pursuant to the Court's May 31, 2012, Order Granting Defendants'

25  Motion to Dismiss.  In the Amended Complaint, the plaintiffs named as defendant Dean Wilson

26  individually and in his official capacity as the Del Norte County Sheriff.  The Amended Complaint

27  was served on defendant Wilson on July 27, 2012. On August 15, 2012, legal counsel for the

28  plaintiffs were informed by the office of the County Counsel for Del Norte County that the County

Counsel had received authorization to represent defendant Wilson in this matter on August 14, 2012.   County Counsel's office, therefore, requested an extension of time to file an answer. Plaintiffs stipulated to an extension of time and the Court entered an order granting the extension. The defendant then filed a motion to dismiss on September 19, 2012. Following the filing of the motion to dismiss the parties entered into substantive settlement negotiations that resulted in the parties filing a stipulation with the Court on October 10, 2012, staying proceedings in the case for 60 days to allow the parties to continue to pursue settlement of the case.

On December 28, 2012, in advance of a case management conference scheduled for January 3, 2013, parties filed a joint case management statement requesting the Court to reschedule the case management conference to allow parties an additional 60 days for continued settlement negotiation. On February 28, 2012, in advance of a case management conference scheduled for March 7, 2013, the parties filed a joint case management statement requesting the Court to reschedule the case management conference to allow parties an additional 60 days for continued settlement negotiation. By Order of the Court, the Court reset the Case Management Conference  from March 7, 2013 to May 30, 2013, and ordered the parties file a Joint Case Management Statement by May 23, 2013. On May 14, 2013, in advance of a case management conference scheduled for May 30, 2013, the parties filed a stipulation for continuance of case management conference to pursue settlement requesting the Court to reschedule the case management conference to allow parties an additional 60 days for continued settlement negotiation.  By Order of the Court, the Court reset the Case Management Conference  from May 30, 2013 to July 25, 2013, and ordered the parties file a Joint Case Management Statement by May 18, 2013.

On July 18, 2013, plaintiffs provided defendant with a detailed proposed offer of settlement that included a memorandum of understanding between the parties and number of other documents and tribal resolutions to fulfill conditions precedent to the settlement offer. On July 22, 2013, the parties requested an additional 30 days to review and obtain the necessary approvals of the final settlement offer and requested that the Court set a new date for the case management conference 30 days from that date. By Order of the Court, the Court reset the Case Management Conference to September 5, 2013, and ordered the parties file a Joint Case Management Statement by August

Case Management Statement
Case No. CV 12-00556 CRB

1   29, 2013.

2          Parties have reviewed the settlement offer and supporting documents but have not yet been

3   able to meet to approve or reject the terms of settlement.  Parties will meet in person within the

4   next twenty one (21) days for a settlement conference. If parties are not able to reach an agreement

5   at the planned settlement conference, parties believe they would benefit from this Court's

6   assistance in reaching a settlement and would like this Court to schedule a mandatory settlement

7   conference.

8          1.     **Jurisdiction and Service:** The Court has jurisdiction over Plaintiffs' claims based

9   upon 28 U.S.C. § 1331, in that the Plaintiffs' claims arise under the Constitution and laws of the

10  United States; and (b) 28 U.S.C. § 1362, in that this civil action is brought by a federally

11  recognized Indian tribe whose claims arise under the Constitution and the laws of the United States.

12  There are no issues with regard to venue and, no defendants remain to be served, pending the filing

13  of a second amended complaint.

14         2.     **Facts:**  Plaintiffs Gary Dowd and Frank Dowd ("Individual Plaintiffs"), members

15  of the plaintiff Resighini Rancheria ("Tribe"), were cited for California Fish and Game Code

16  violations, specifically, fishing on the Klamath River without a Yurok Tribal ID.   Plaintiffs allege

17  both citations were issued by law enforcement officers deputized by the Sheriff to exercise state

18  peace officer powers and to enforce California law. In each instance, the Individual Plaintiffs were

19  fishing within the boundaries of the old Klamath River Reservation/Extension. The Del Norte

20  County District Attorney later dismissed all charges against both Individual Plaintiffs.  Plaintiffs

21  maintain that the Individual Plaintiffs were fishing pursuant to the federally reserved fishing rights

22  of the Resighini Rancheria, and the arrests constitute an interference with those rights.  Plaintiffs

23  contend that the law enforcement officers carrying out the arrests were exercising peace officer

24  powers pursuant to deputation by defendant Wilson. Plaintiffs bring this action to prevent Wilson

25  and anyone acting pursuant to his authority from arresting Resighini Tribal members for exercising

26  their federally reserved fishing rights.

27         3.     **Legal Issues:** The main legal issues in this case are as follows. (1) Whether the

28  Sheriff has jurisdiction to enforce the civil regulatory provisions of the State's Fish and Game Code

1  against the members of the Tribe in the Indian Country of the old Klamath River Indian

2  Reservation/Extension pursuant to 28 U.S.C. § 1360, and 18 U.S.C. § 1162 ("P.L. 280"); (2)

3  Whether the Sheriff has civil regulatory authority over the Tribe's regulation of fishing by its

4  members within the Indian Country of the old Klamath River Indian Reservation/Extension under

5  P.L. 280; and (3) Whether the Sheriff has deprived the Individual Plaintiffs and the members of

6  the Tribe of their federally reserved right to fish in the Klamath River at the Tribe's usual and

7  customary fishing places within the old Klamath River Reservation/ Extension, free of State

8  regulation and control, in violation of 42 U.S.C. § 1983 and the 14th Amendment to the United

9  States Constitution.

10      4.    **Motions:** Defendant has filed a motion to dismiss. The hearing date for the motion

11  has been vacated pursuant to the order of this Court to allow the parties to pursue settlement.

12      5.    **Amendment of Pleadings:** Neither party intends to amend pleadings at this point.

13      6.    **Evidence Preservation:** Neither party has any concerns about evidence

14  preservation.

15      7.    **Disclosures:** No Rule 26 disclosures have been made in response to the Amended

16  Complaint because the parties are pursuing settlement of the case. If settlement is not reached,

17  Plaintiff and Defendants will exchange initial disclosures.

18      8.    **Discovery:** No discovery has been carried out in this case.  The parties have not yet

19  engaged in discovery or developed a discovery plan pursuant to Rule 26(f) because the parties have

20  been putting all of their efforts into settling the case.

21      9.    **Class Action:** This is not a class action.

22      10.   **Related Cases:** There are no related cases.

23      11.   **Relief:** Plaintiff seeks the following relief. (1) A declaration that defendant Wilson

24  and the peace officers deputized by the Del Norte County Sheriff's Department ("Department") and

25  exercising the State of California peace officer powers delegated to them by defendant Wilson have

26  no jurisdiction to enforce the provisions of the California Fish and Game Code against members

27  of the Tribe within the boundaries of the old Klamath River Reservation/Extension; (2)  A

28  declaration that, under P.L. 280, defendant Wilson  and officers deputized by the Department,

exercising the State of California peace officer powers delegated to them by defendant Wilson, lack civil regulatory authority over the Tribe's regulation of fishing by its members on the Klamath River within the old Klamath River Reservation/Extension; (3)  A declaration that defendant Wilson, under color of State law (the provisions of the California Fish and Game Code) have deprived plaintiffs Frank Dowd and Gary Dowd and the members of the Tribe of the right to fish in the Klamath River within the old Klamath River Reservation/Extension free of state regulation and control, a right guaranteed to them by federal law, in violation of 42 U.S.C. § 1983; (4) An order preliminarily and permanently enjoining defendant Wilson, his agents and employees, and law enforcement officers exercising  State of California peace officer powers delegated to them by defendant Wilson from citing members of the Tribe for fishing on the Klamath River within the old Klamath River Reservation/Extension not in accordance with State law; and (5) Award the plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

12.   **Settlement and ADR:** The parties have not discuss utilizing the ADR process because the attorneys for the parties have been engaging in substantive settlement negotiations.

Parties request that, should voluntary settlement negotiations not succeed within the next 21 days, that this Court schedule a mandatory settlement conference.

13.   **Consent to Magistrate Judge for All Purposes:** This matter has already been assigned to Judge Chen.

14.   **Other References:** The parties have not discussed the suitability of the case for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation because the parties have been pursuing settlement of the case.

15.   **Narrowing of Issues:** The parties have not discussed the likelihood of narrowing the issues in this case because they have been pursing settlement of the case. However, the parties agree that the issues in this case are limited, legal issues, and that all but one fact about the deputation of an officer is undisputed.

16.   **Expedited Trial Procedure:** The parties agree that, because, the issues in this case are limited, legal issues, summary proceedings will be appropriate in this case.

17.   **Scheduling:** The parties have not discussed scheduling because they are pursuing

1   settlement, except to determine how much additional time they need to concluded settlement

2   negotiations.

3       18.    **Trial:** The parties have not  discussed the issues relating to trial because they are

4   pursuing settlement of the case, but the parties  expect the case to be determined based on a motion

5   to dismiss or cross motions for summary judgment.

6       19.    **Disclosure of Non-party Interested Entities or Persons:** The parties have not

7   discussed submission of  disclosures of non-party interested entities or persons because they are

8   pursuing settlement of the case.

9       20.    **Other Matters:** The parties request that the Case Management Conference in this

10  matter, presently scheduled for September 5, 2013, be taken off calendar while parties attempt

11  conclude voluntary settlement negotiations. Parties have requested that, should the planned

12  voluntary settlement conference fail, this Court schedule a mandatory settlement conference.

13  Should parties not reach an agreement at the mandatory settlement conference, parties will set a

14  date for a Case Management Conference while still before the Court.

15

16  Dated: August 29, 2013                    Respectfully Submitted,

17                                            RAPPORT AND MARSTON

18

19                                    By: _/s/ Lester J. Marston_____
                                          LESTER J. MARSTON
20                                        Attorneys for Plaintiffs

21

22  Dated: August 29, 2013                    DEL NORTE COUNTY COUNSEL

23

24                                    By: _/s/Gretchen Stuhr_____
                                          GRETCHEN STUHR
                                          Attorney for Defendant
25  IT IS SO ORDERED that the CMC
    is reset from 9/5/13 to 11/7/13
26  at 9:00 a.m.  A joint CMC Statement shall
    be filed by 10/31/13.
27  _____

28  Edward M. Chen
    United States District Judge

Case Management Statement
                                            Case No. CV 12-00556 CRB

**CERTIFICATE OF SERVICE**

I, LESTER J. MARSTON, hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronically filing the foregoing with the Clerk of the U.S. District for the Northern District of California, using its ECF system, which automatically provides electronic notification to the following:

Gretchen Maria Stuhr

Del Norte County Counsel

981 H Street, Suite 220

Crescent City, CA 95531